JOHN A. CARTER, TRUSTEE, v. HAYWOOD BRANDY ET AL.

1. ATTACHMENT IN CHANCERY. *Non resident. Refunding bond.* Code 1880, § 1902.

    Where, in an attachment in chancery, a decree is rendered against a non-resident defendant on publication only, without appearance, an execution thereon, issued before complainant has given the security required by § 1902, code 1880, for abiding further orders of the court and restoring the property if defendant should appear and answer, is void, and a sale thereunder passes no title.

2. SAME. *Refunding bond. When given. Void sale. Collateral attack.*

    Such refunding bond must be given after the decree and before proceedings to enforce it. The fact that the decree itself directs the issuance of a writ for the sale of the property does not validate, even as against collateral attack, a sale made under an execution issued before the giving of such security.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

John A. Carter, trustee, for Carter Bros. & Co. and others, brought this action of ejectment against Haywood Brandy

to recover certain land.   Brandy being a mere tenant of J. H. Allen, the latter was admitted to defend.

The plaintiff claims the land as purchaser at a sale under a decree of the chancery court of Lee county, rendered in an attachment suit of Carter Bros. & Co. against G. B. Oliver, G. W. Barrett and others.   Oliver was a non-resident, and was summoned by publication only.   The complainants were creditors of Barrett, who had transferred to Oliver a stock of merchandise, which complainants sought to subject as having been fraudulently conveyed.   Neither Barrett nor Oliver appeared, and, after decrees *pro confesso* against them, on March 20, 1891, a final decree was rendered, holding Oliver liable to complainants because of the fraudulent purchase of the goods, and, as the value of the goods exceeded the debt due complainants, the decree directed that the lands of Oliver which had been attached should be sold to satisfy the debt.   From that decree Barrett prosecuted an appeal to this court, and the decree was affirmed January 25, 1892, the court holding that there was no error in the decree as against Barrett, the sole appellant.   See *Barrett* v. *Carter*, 69 Miss., 593.

Subsequently, a writ of *venditioni exponas* was issued on said decree, and on January 2, 1893, certain lands therein decreed to be sold were sold, and appellant, John A. Carter, became the purchaser, taking the title to himself as trustee, and this action of ejectment was brought by him, February 13, 1893, to recover possession.   Allen claims under a conveyance from the said Oliver, who is thus the common source of title.   The case was tried, by consent, before the court without a jury, and, after plaintiff had offered the record of the proceedings in the attachment suit in chancery, the defendant moved to exclude the testimony, because the debt attached for in the chancery suit was not of the character of debts for which attachment lies, and because no bond had been given under § 1902, code 1880 (§ 491, code 1892), before the issuance of the writ of *venditioni exponas*.

71 Miss.—16

Section 1902, code 1880, which is one of the sections regulating attachments in chancery, is as follows: "If a decree shall be rendered in such case without the appearance of such absent debtor, the court, before any proceedings to satisfy said decree, shall require the complainant to give security for abiding such further orders as may be made for the restoring the estate or effects to the absent defendant on his appearing and answering the bill; and if the complainant shall not give such security, the effects shall remain under the direction of the court, in the hands of a receiver or otherwise, for so long a time as the court shall appoint, and shall then be disposed of as the court may direct." This section is brought forward, with some slight change, in § 491, code 1892, which went into effect November 1, 1892.

The motion to exclude plaintiff's testimony was sustained, and judgment rendered for defendant, from which plaintiff appeals.

*Clayton & Anderson,* for appellant.

The failure to execute the refunding bond did not render the sale void. It is not expressly provided that a sale made without such bond shall be void, and, in the absence of such a provision, the sale is valid. *Voorhees* v. *Bank,* 10 Peters, 449. *Hiller* v. *Lamkin,* 54 Miss., 14, relied on by appellee, was decided under a statute which expressly provided that sale without such bond should be void. It is generally held that where a thing is prohibited by statute, but without the penalty of invalidity being attached for violation, such violation does not render the thing done void. *National Bank* v. *Mathews,* 98 U. S., 621. See also *Bank* v. *Sharp,* 4 Smed. & M., 75; *Bank* v. *Archer,* 8 *Ib.,* 151; 10 Wis., 230; 7 Serg. & R., 313; 14 Peters, 122; 96 U. S., 640.

The decree cannot be drawn in question collaterally. 1 Black on Judgments, § 246; *Redus* v. *Wofford,* 4 Smed. & M., 579.

*J. A. Blair,* on the same side.

The objection based on the absence of a refunding bond does not go to the question of jurisdiction, and therefore cannot be urged on a collateral attack of the decree. The court had full jurisdiction, and its failure to require the bond would at most be a mere error that could not be availed of on a collateral attack. See *Cooper* v. *Reynolds,* 10 Wall., 308; *Voorhees* v. *Bank,* 10 Peters, 449; 28 Miss., 412. The matter of giving the refunding bond was one of procedure, and the statute which requires the bond does not declare that a sale made without it shall be void, although § 1879, code 1871, contained such a provision.

*Clifton & Eckford,* for appellee.

Assuming, for argument, that the chancery court had jurisdiction in the attachment suit to subject the land of Oliver, a non-resident, no title passed at the sale under the decree, because complainants failed to execute a refunding bond, as required by § 1902, code 1880, code 1892, § 491. The sale was void, and plaintiff's testimony was properly excluded. *Oldham* v. *Ledbetter,* 1 How., 43; *Freeman* v. *Guion,* 11 Smed. & M., 58; *Hiller* v. *Lamkin,* 54 Miss., 14.

*W. M. Cox,* on the same side.

Complainants in the attachment suit having failed to execute a refunding bond, as provided by § 1902, code 1880, the execution and sale thereunder were void, and passed no title to appellant. The statute is mandatory. , *Hiller* v. *Lamkin,* 54 Miss., 14. Although said statute does not in express terms declare a sale made without the bond void, that doctrine is announced in *Oldham* v. *Ledbetter,* 1 How., 43, and *Berry* v. *Anderson,* 2 *Ib.,* 649. These cases construe a statute similar to the one now under review. See Hutchinson's Code, p. 807. Whenever a power to affect property is conferred by statute upon those who have no personal interest in it, such power can be exercised only in the manner and under the

circumstances specified, and the requirement of the statute is mandatory. *Koch* v. *Bridges*, 45 Miss., 247. See also *Currie* v. *Stewart*, 26 Miss., 646; *Washington* v. *McCaughan*, 34 *Ib.;* 304; *Hamilton* v. *Lockhart*, 41 *Ib.*, 460; *Rucker* v. *Dyer* 44 *Ib.*, 591.

CAMPBELL, C. J., delivered the opinion of the court.

The circuit court rightly held that the execution issued on the decree, and by virtue of which the sale and conveyance were made under which the plaintiff claimed title, was void for want of authority to issue it, without the security required by § 1902, code 1880, and § 491, code 1892. This security is something required to be given after decree. It is not part of the decree, and the fact that in this case a direction for a special writ was improperly included in the decree does not make applicable the rule denying the assailability collaterally of a decree. The decree was to be made, and afterward, " before any proceedings to satisfy said decree," the court was to require the prescribed security. The writ of *venditioni exponas* in this case was void, not being issued by order of the court after decree, and requirement of security as prescribed. In order to divest the title of an absent defendant brought in by publication and not appearing, there must be conformity to law.

*Affirmed.*