SEAY *v.* WOFFORD.*

(Division A.   Jan. 18, 1926.)

[106 So. 751.   No. 25147.]

ATTACHMENT. *Sale, without giving bond on default decree, in attachment against nonresident on publication, void.*

Where, in attachment in chancery, decree is rendered against nonresident defendant on publication only, without appearance, refunding bond, required by Code 1906, section 541 (Hemingway's Code, section 298), must be then given before any proceedings to enforce or satisfy decree, and sale without it is void.

*Corpus Juris-Cyc. References: Attachment, 6 C. J., p. 365, n. 28, 29.

APPEAL from chancery court of Chickasaw county, first district.

Hon. ALLEN Cox, Chancellor.

Suit by Jennie Wofford against A. P. Seay. Decree for complainant, and defendant appeals. Affirmed.

*Thomas L. Haman,* for appellant.

I.  The chancery court lacked the necessary jurisdiction of the cause authorizing a decree in favor of appellee on the bill of complaint and exceeded its jurisdiction in the case.  15 C. J. 729 (sec. 24).

II.  The court had acquired jurisdiction of the thing involved, in the suit of *Jeff Busby* v. *Jennie Wofford,* in Cause No. 2476, referred to above, had fixed and impressed a lien thereon, and had enforced the lien.  It is an inherent power of the court of equity to enforce such lien.  The statute conferred jurisdiction on the court in the matter, and such jurisdiction so conferred may be exercised by the court as such court with powers incident to its general jurisdiction so far as applicable. The power to enforce liens as enforced in the suit of *Jeff Busby* v. *Jennie Wofford,* No. 2476, is a power incident to the court's general jurisdiction.  Sec. 293, Hem. Code; 15 C. J. 815; 17 R. C. L. 613-614; *Dolman* v. *Moore,* 70 Miss. 267, 12 So. 23.  The present case is not controlled by *Carter* v. *Brandy,* 71 Miss. 240, 15 So. 790, where personal property was involved and indebtedness garnisheed and execution issued.

III.  An exclusive method is not given by the statute for the enforcement of the lien given by attachment on land.  Sections 297 and 298, Hemingway's Code, do not require that the complainant give security after decree for abiding such further orders as may be made for restoring of the estate or effects to the absent defendant on his appearing and answering the bill within two years, and before further proceedings to enforce the lien of the statute impressed by the decree where the lien is im-

pressed on land. No equity is offered to be done by appellee, complainant in the original bill.

*J. H. Ford,* for appellee.

Every point presented by the appellant in this case was settled adversely to him by this court more than thirty years ago in *Carter* v. *Brandy,* 71 Miss. 240, 15 So. 790. This decision was also referred to with approval in the recent case of *Cotton* v. *Harland,* 124 Miss. 691, 87 So. 152. Griffith's Miss. Chancery Practice, sec. 490.

An attaching creditor in the chancery court cannot begin his attachment suit in chancery under the statute, and then legally proceed with the suit thereafter in disregard of the statute under the so-called inherent jurisdiction of that court. If he begins his attachment under the statute, he must proceed with the suit to its final conclusion under the provisions of the statute.

We submit that the decree of the lower court should be affirmed and the cause remanded for accounting as provided in the decree.

*Thomas L. Haman,* in reply for appellant.

If the bond insisted on by appellee had been given, it would have been conditioned on the absent defendant appearing and answering the bill within two years. The two years have elapsed without such appearance or answer. The defendant, appellee in the suit at bar, elected to refuse to appear on answer in the suit under which the sale was made. The statute provides that if no bond is made within two years, the court is to dispose of the property.

The lower court exceeded its jurisdiction in the suit at bar. Appellee, by her refusal to move in the first suit under which sale was made, waived any necessity or requirement for bond. The court had jurisdiction in

the first suit and its acts, if voidable, were not void. There is no *supersedeas* bond.

COOK, J., delivered the opinion of the court.

On November 1, 1922, Jeff Busby instituted an attachment in the chancery court of the First district of Chickasaw county against the appellee, who was a resident of the state of Arkansas, seeking to collect an indebtedness due by the appellee to the said Jeff Busby, and the writ was levied on certain land owned by the appellee and located in Chickasaw county. The appellee failed to appear and defend the suit, and at the first term of court thereafter a decree *pro confesso* and a final decree were entered sustaining the attachment and condemning the land to be sold to satisfy the indebtedness, and appointing a special commissioner to make the sale. Thereafter the commissioner so appointed, without the complainant having given the bond or security required by section 541, Code of 1906 (section 298, Hemingway's Code), advertised and sold the land to satisfy the decree. At this sale Jeff Busby became the purchaser of the land, and the sale was afterwards reported to the court, and confirmed. Thereafter Busby sold the land to the appellant herein.

On May 7, 1924, the appellee filed this suit, seeking to cancel the deeds from the special commissioner to Jeff Busby, and from Busby to appellant, on the ground that, by reason of the failure of the complainant to give the security required by the above-mentioned statute, the said commissioner's sale and deed executed in pursuance thereof were void. The court below sustained the prayer of the bill, and entered a decree directing a cancellation of these deeds as a cloud on appellee's title, and ordered an accounting for rent and taxes, and hence this appeal.

Section 541, Code of 1906 (section 298, Hemingway's Code), provides:

That in attachments in chancery against nonresidents, "if a decree be rendered in such case without the appearance of the absent debtor, the court, before any proceedings to satisfy said decree, shall require the complainant to give security for abiding such further orders as may be made, for restoring of the estate or effects to the absent defendant, on his appearing and answering the bill within two years," etc.

In the case of *Carter* v. *Brandy,* 71 Miss. 240, 15 So. 790, the court had under consideration this statute, and it was there held that, where, in an attachment in chancery, a decree is rendered against a nonresident defendant on publication only, without appearance, the refunding bond required by this section must be given after such decree, and before any proceedings to enforce or satisfy such decree, and that any proceedings to enforce the decree, which are taken before the giving of this security, are void. This construction of this statute is manifestly correct, and is decisive of the case at bar.

The decree of the court below will therefore be affirmed.

*Affirmed.*